# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enterprising Solutions, Inc., d/b/a Sunwest Employer Services, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>National Union Fire Insurance Company o Pittsburgh, PA, a Pennsylvania corporation,<br><br>Defendant. | No. CV-10-01430-PHX-REJ<br><br>**OPINION AND ORDER** |

In this insurance coverage dispute, plaintiff Enterprising Solutions, Inc., dba Sunwest Employer Services, filed this action against defendant National Union Fire Insurance Company in Arizona state court, alleging claims for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. Defendant removed the action to federal court on the basis of diversity jurisdiction.

The action is now before the court on plaintiff's motion for partial summary judgment and defendant's motion for summary judgment (## 27, 29). Both motions address only plaintiff's first claim, for declaratory relief. For the reasons stated, I deny both motions.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. <u>Celotex Corp.</u>

v. Catrett, 477 U.S. 317, 322-23 (1986).  A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987).  Reasonable doubts as to the existence of a material factual issue are resolved against the moving party.  T.W. Elec. Service, 809 F.2d at 631.  Inferences drawn from facts are viewed in the light most favorable to the non-moving party.  Id. at 630-31.

The standard of review is the same for cross-motions as individual motions for summary judgment:  "'The court must consider each motion independently and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party.'"  Winans v. Starbucks Corp., ___ F.Supp.2d ___, 2011 WL 2693172 at *2 (S.D.N.Y. July 11, 2011)(quoting Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)); see also, e.g., Nipponkoa Insurance Co. v. Norfolk Southern Railway Co., ___ F.Supp.2d ___, 2011 WL 2620375 (S.D. Ohio July 5, 2011).

## DISCUSSION

The parties have filed extensive briefing outlining their respective views of the applicability of the coverage and exclusion provisions of the several insurance policies at issue.  I have thoroughly reviewed all submissions, undertaken independent research, and remain unpersuaded that either party is entitled to judgment as a matter of law.  Both parties agree that there are at least 550 claims pending in one form or another against plaintiff arising out of plaintiff's admitted failure to properly calculate the necessary contributions to fully fund the Sunwest Employer Services Group Medical and Dental Plan ("Sunwest Plan"), which caused plaintiff to terminate the Sunwest Plan effective August 19, 2009.  See Plaintiff's Statement of Facts in Support of Motion for Partial Summary Judgment, ¶¶10-11,

14-15. Lacking, however, are agreed or undisputed facts as to what those 550 claimants assert against plaintiff, and lacking is evidence establishing, as a matter of law, that all the claims are in fact valid ERISA claims for breach of fiduciary duty.

In sum, I do not find summary judgment to be appropriate for either party. Consequently, both motions (## 27, 29) are denied.

DATED this 27th day of July, 2011.

/s/ Robert E. Jones
ROBERT E. JONES
United States District Judge